Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036

T   +1 212.872.1000
F   +1 212.872.1002
akingump.com



**Mitchell P. Hurley**
+1 212.872.1011/fax: +1 212.872.1002
mhurley@akingump.com

July 26, 2024

**VIA ECF FILING AND E-MAIL**

The Honorable Martin Glenn
Chief United States Bankruptcy Judge
Southern District of New York
1 Bowling Green
New York, New York 10004-1408
mg.chambers@nysb.uscourts.gov

Re:   Certain Adversary Proceedings Arising in or Relating to *In re Celsius Network LLC, et al.*, No. 22-10964 (MG) (Bankr. S.D.N.Y.)

Dear Judge Glenn:

We are counsel for Plaintiff, Mohsin Y. Meghji ("Plaintiff"), Litigation Administrator for Celsius Network LLC and its affiliated debtors (together, "Debtors" or "Celsius"), in connection with the above-referenced adversary proceedings (the "Adversary Proceedings").[1]  We write to request an enlargement of the period of time provided for serving adversary complaints on domestic defendants pursuant to Federal Rule of Bankruptcy Procedure 7004(e), and a brief telephonic status conference concerning certain other scheduling and service issues.

As the Court is aware, Rule 7004(e) provides that a plaintiff must deliver or mail the summons and complaint to a defendant located in the United States "within 7 days after the summons is issued," and that "if a summons is not timely delivered or mailed, another summons shall be issued and served."  Some of the summons in the Adversary Proceedings that are the subject of this letter were issued yesterday, and the Rule 7004(e) deadline for those Adversary Proceedings is therefore Thursday, August 1, 2024.  Each such Adversary Proceeding includes at least one defendant for which Plaintiff has only the address of the cryptocurrency wallet that Plaintiff alleges wrongfully received Celsius property.  Under the circumstances, it would be impractical for Plaintiff to serve these defendants, some of whom may be located in the United

---

[1] The specific Adversary Proceedings animating this request are *Mohsin Y. Meghji, Litig. Adm'r, as Representative for the Post-Effective Date Debtors v.* (i) *Castel et. al.*, A.P. No. 24-04004 (Bankr. S.D.N.Y.); (ii) *Wallet Owner 0X10F546A6F4D20D91E5A8506124384759C9F4BC79 et. al.*, A.P. No. 24-03994 (Bankr. S.D.N.Y.); (iii) *Wallet Owner 0xdbc13e67f678cc00591920cece4dca6322a79ac7 et. al.*, A.P. 24-04005 (Bankr. S.D.N.Y.); and (iv) *John Does 1-100 et. al.*, A.P. No. 24-04009 (Bankr. S.D.N.Y.).  Of these Adversary Proceedings, summons were issued yesterday in proceedings (ii) and (iv).



The Honorable Martin Glenn
Southern District of New York
July 26, 2024
Page 2

States within the seven-day period provided in the rule.[2]  Rather than require (potentially serial) re-issuance of summons by the Court, Plaintiff respectfully asks that the Rule 7004(e) period be enlarged.

The Committee Notes on the Rules make clear that "if service of the summons within any seven-day period is impractical, a court retains the discretion to enlarge the period of time under Rule 9006(b)." FED. R. BANKR. P. 7004(e) advisory committee's note to 2014 amendment.  In turn, Rule 9006(b) provides that no "motion or notice" is required for an enlargement based on "cause shown," where the request for enlargement "is made before the expiration of the period originally prescribed."  Given that Plaintiff's investigation of  methods for completing service is ongoing, and may require motion practice, Plaintiff submits that such cause exists, and respectfully asks the Court to enlarge the Rule 7004(e) period to 90 days.  In addition, for any domestic defendant Plaintiff serves more than seven days after issuance of the operative summons, Plaintiff requests that the Court provide that the period of time within which such a defendant must serve his, her or its answer shall run from the date service on that defendant is complete, rather than from the date of issuance of the summons.

Finally, Plaintiff respectfully submits that a brief telephonic status conference with the Court concerning timing for pre-trial conferences and potential motion practice under Federal Rule of Civil Procedure 4 would be productive.

Thank you for your continued attention to this matter.

Respectfully submitted,

*/s/ Mitchell P. Hurley*
Mitchell P. Hurley

---

[2] Plaintiff has an address for certain U.S.-based defendants in the Adversary Proceedings, and will serve those defendants promptly under applicable rules.